70808. COLQUITT v. THE STATE.
(336 SE2d 306)

BANKE, Chief Judge.

Based on his record of previous traffic violations, the Department of Public Safety notified the defendant by letter dated July 19, 1983, that he had been declared an habitual violator and that "henceforth it shall be unlawful for you to operate a motor vehicle in the State of Georgia." The letter further stated: "Your license and privilege to operate a motor vehicle in this state is revoked for a period of five years from DATE LICENSE SURRENDERED. If you should be convicted of operating a motor vehicle while your license is under revocation as provided herein, you may be subject to confinement in the penitentiary for not less than one nor more than five years." Also included in the letter was a list of the violations which had led to the revocation, as well as a notification that he was required to surrender his operator's license to the department within 10 days.

The defendant acknowledges that he received the notification letter but that he did not surrender his license as ordered. In November

of 1983, the defendant was stopped for speeding, which led to his conviction pursuant to OCGA § 40-5-58 (c), of operating a motor vehicle after receiving notice that his license had been revoked due to his having been declared an habitual violator. On appeal, he contends that because he failed to surrender his license, there was no revocation upon which the conviction could be based. *Held*:

OCGA § 40-5-58 (c) provides as follows: "Except as provided in subsection (e) of this Code section, it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his driver's license has been revoked as provided in subsection (b) of this Code section, if such person has not thereafter obtained a valid driver's license. Any person declared to be an habitual violator and whose driver's license has been revoked under this Code section and who is thereafter convicted of operating a motor vehicle while his license is so revoked shall be punished by a fine of not less than $750.00 or by imprisonment in the penitentiary for not less than one nor more than five years, or both."

Although the notification letter sent to the defendant may have been inartfully worded, it is not reasonably subject to the construction that he could avoid the effect of the revocation simply by refusing to surrender his license. The true significance of the statement that the license was revoked "for a period of five years from DATE LICENSE SURRENDERED" is that "[w]hile it is illegal for the violator to drive a motor vehicle after he has received notice of habitual violator status, the five-year period of revocation prior to application for a new license begins to run only after the license is surrendered or its absence accounted for." *Kimbrell v. State*, 164 Ga. App. 344, 345 (296 SE2d 206) (1982).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 8, 1985.

*George M. Hubbard III*, for appellant.

*Spencer Lawton, Jr., District Attorney, R. Nathaniel Rackett III, David T. Lock, Assistant District Attorneys*, for appellee.